UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:13-cr-102-SEB-TAB-1 |
| v. | ORDER ON MOTIONS FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| THOMAS HUTCHENS | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13-cr-00102-SEB-TAB |
| | ) | |
| THOMAS HUTCHENS, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Thomas Hutchens has filed motions pursuant to 18 U.S.C. § 3582(c)(1)(A) seeking a sentence reduction to time-served, or, in the alternative, to 15 years of imprisonment. For the reasons explained below, Mr. Hutchens's motions are **denied**.

**I. Background**

In 2014, Mr. Hutchens pled guilty to six counts of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a) (counts 1-6), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252 (a)(4)(B) (count 8). Dkts. 40, 44. According to the presentence investigation report, during a search, law enforcement found over 1,000 images and videos of child pornography on various media forms at Mr. Hutchens's residence. Dkt. 35. The victims of the child pornography were generally between the ages of nine and twelve. The sexually explicit conduct in these files included actual or simulated oral intercourse and/or lascivious exhibition of the genitals or pubic area of the minor. Officials also found homemade videos filmed in the bathrooms of Mr. Hutchens's home. The producer of these videos used at least two cameras within one of the bathrooms to capture multiple angles of minors between the ages of ten and sixteen years old. The videos showed the nude genital or pubic area of these minors, including the victims using the toilet.

Finally, officials also found videos recorded by Mr. Hutchens of the genital areas of sleeping minor females, including one where Mr. Hutchens fondled her breasts. The Court sentenced Mr. Hutchens to a total of 300 months of imprisonment, representing concurrent 180-month sentences for counts 1-6 and a consecutive 120-month sentence for count 8. Dkt. 44. The Court also imposed a 5-year term of supervised release. *Id.*

In December 2020, Mr. Hutchens filed a pro se motion for compassionate release. Dkt. 58. The Court appointed counsel to represent Mr. Hutchens, but before filing any substantive submissions on Mr. Hutchens's behalf, counsel withdrew from the case. Dkts. 59, 62, 63. The Court ordered Mr. Hutchens to file a pro se supplement to his motion, and Mr. Hutchens complied. Dkts. 64, 65. In his motion and supplement, Mr. Hutchens argues that "extraordinary and compelling reasons" warrant immediate release or a reduction in his sentence within the meaning of § 3582(c)(1)(A)(i) because he suffers from medical conditions (prior heart attacks, heart disease, hypertension, high cholesterol, type 2 diabetes, depression, acid reflux, chronic back pain, polyneuropathy, dermatitis, eczema, sleep apnea, nocturnal lagophthalmos and enlarged prostate) that increase his risk of suffering severe symptoms if he contracts COVID-19. Mr. Hutchens also appears to argue that his medical conditions alone are an extraordinary and compelling reasons to release him; more specifically, the BOP's inability or unwillingness to properly manage his "serious heart condition." The United States filed a brief in opposition, dkt. 68, and Mr. Hutchens did not file a reply. Thus, the motions are now ripe.

**II. Discussion**

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are

applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Hutchens's first reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is unavailing. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Hutchens is fully vaccinated, dkt. 65 at 6, and he has presented no evidence that he is unable to receive or benefit from the vaccine. Additionally, Mr. Hutchens "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022). As a result, Mr. Hutchens cannot show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A). *Barbee*, 25 F.4th at 533.

The management of Mr. Hutchens's heart condition by the BOP is also not an extraordinary and compelling reason to release him or to reduce his sentence. Mr. Hutchens argues that the BOP has refused to give him surgery or any treatment for his heart condition, but that statement is belied by the medical records provided by Mr. Hutchens himself which reveal that he is regularly examined by several health care providers and takes medications for his conditions. Mr. Hutchens checked the boxes on the compassionate release form stating that he has a serious condition and/or deteriorating health due to the aging process that substantially diminishes his ability to provide self-care within the environment of a correctional facility, but there is nothing in the record to suggest that he cannot provide self-care in prison. Mr. Hutchens himself acknowledges that he does not require assistance with walking, bathing or toileting. Dkt. 65 at 8. In addition, the Court was aware of his history of serious cardiac issues at sentencing as it was included in the presentence report but nevertheless decided a 25-year sentence was appropriate. Dkt. 35 at 18. Finally, any claim that Mr. Hutchens is receiving deficient medical care is properly raised in a civil complaint in his district of confinement. *See United States v. Dotson*, 849 F. App'x 598, 601 (7th Cir. 2021) ("Mistreatment or poor conditions in prison, if proved, might be grounds for relief in a civil lawsuit, but untested allegations of this nature are not grounds for a sentence reduction." (cleaned up)). In sum, the Court does not find that Mr. Hutchens's heart issues, whether considered alone or in conjunction with any other reason, are an extraordinary and compelling reason to grant him immediate compassionate release or otherwise reduce his sentence.

Given the determination that Mr. Hutchens has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release. Even if he had made such a showing, however, the Court would nevertheless find that Mr. Hutchens is

not entitled to compassionate release because the § 3553 factors do not weigh in his favor.[1] Mr. Hutchens reports that he will be living with his wife if released, and he has several serious medical conditions. Weighing heavily against him, however, Mr. Hutchens's crimes were horrific, as discussed above, and he took advantage of vulnerable children. He has had seven disciplinary infractions during his incarceration, including multiple instances of phone abuse. Dkt. 68-2. The Court sentenced Mr. Hutchens to 25 years of imprisonment, and he has only served 9 years. Releasing him now, or even reducing his sentence to the requested 15 years, would be a significant windfall for Mr. Hutchens.

In light of these considerations, the Court finds that releasing Mr. Hutchens now or reducing his sentence to 15 years would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

### III. Conclusion

For the reasons stated above, Mr. Hutchens's motions for compassionate release, dkts. [58] and [65], are **denied.**

---

[1] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

**IT IS SO ORDERED.**

Date: 6/10/2022

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Thomas Hutchens
Reg. No. 11272-028
FCI Cumberland
Federal Correctional Institution
P.O. Box 1000
Cumberland, MD 21501

All Electronically Registered Counsel